Black, J.
This is a civil action in contract brought by the plaintiff, Ed Pariseau Real Estate, Inc., against the defendants, Robert A. Downey and Marion B. Downey, on December 4, 1979, seeking to recover a $2,730.00 broker’s commission under a Purchase and (Sale) Agreement entered into on June 15, 1979 by and between Robert A. Downey and Marion B. Downey, as “Sellers,” Ronald W. Cummins and Jeannette L. Cummins as “Buyers,” and Ed Pariseau Real Estate, Inc., as “Broker,” relating to premises located at 158 North Avenue, Attleboro, Massachusetts. The complaint alleges that on or about October 31, 1979 and again on November 2, 1979, the plaintiff produced a buyer ready, willing and able to purchase the property in accordance with the *181 terms of the said agreement and that the defendants breached the agreement, thereby wrongfully depriving the plaintiff of its commission.
The defendants’ answer denied these allegations and set forth numerous affirmative defenses, including the fact that by its terms the said agreement was to expire on August 30, 1979, that it had not been extended and was, therefore, null and void. The answer also alleged that the subject agreement specifically provided that a firm bank commitment had to be obtained by the buyers on the property in question on or before July 30, 1979, and that such a commitment had not been obtained. An additional defense specified that the agreement was further conditioned upon there being a Purchase and Sale Agreement in effect on or before July 5,1979, regarding the buyers’ property at 51 Emory Street, Attleboro, Massachusetts, and that such an agreement had not been effected.
The defendants moved for Summary Judgment predicated upon various affidavits presented to the court, Answers to Interrogatories, and the Response to Demand for Production of Documents filed with the court. On April 27, 1981, after hearing, the court ruled that there was no genuine issue of material fact raised in the case, and that the defendants were entitled to judgment as a matter of law. The execution was duly issued on May 11, 1981. On May 14,1981, the plaintiff filed a motion for permission to file a late request for a draft report, which was duly allowed on June 8,1981. The draft report was filed on August 27, 1981 and allowed on September 8, 1981.
According to the report, the court found the following facts:
On or about October 28, 1978, Robert A. Downey and Marion B. Downey separated. Marion B. Downey continued to live in the marital home on 158 North Avenue, Attleboro, Massachusetts. Robert A. Downey moved out of the City of Attleboro at that time. The marital home at 158 North Avenue, Attleboro, Massachusetts was listed with Ed Pariseau Real Estate, Inc., (the plaintiff herein) for sale. On June 15,1979, a purchase and sale agreement was consummated between Robert A. Downey and Marion B. Downey as Sellers; Ronald W. Cummins and Jeannette L. Cummins as Buyers; and Ed Pariseau Real Estate, Inc., as Broker. Said agreement provided that the Five Hundred ($500.00) Dollar deposit paid by the Cummins was to be held by Ed Pariseau Real Estate, Inc. It was further provided that should the Cummins default, they waived claim to the deposit, and said deposit would become the property of the Seller and Broker equally as liquidated damages. It was provided that time was of the essence of the agreement. It was further provided that the purchase and sale agreement was to expire on August 30, 1979, at 4:00 p.m. The agreement also provided that the sale was subject to a sale of the Cummins property located on 51 Emory Street, Attleboro, Massachusetts.
The Cummins entered into a purchase and sale agreement dated July 2, 1979, to sell their property at 51 Emory Street, Attleboro, Massachusetts, to Robert T. Sirois and Ann Sirois. Said agreement was contingent upon obtaining V. A. financing on the part of the Buyers, and was to expire on September 30, 1979, at 4:00 p.m. It was provided that time was of the essence of that agreement.
Prior to the August 30,1979, expiration of the Downey-Cummins Purchase and Sale Agreement, an undated extension agreement was circulated among the parties purporting to extend that purchase and sale agreement from August 30, 1979, to October 31, 1979. Said agreement was signed by Ronald W. Cummins, Jeannette L. Cummins and Robert A. Downey. Said agreement was not signed by Marion B. Downey. Asof August 30,1979 at 4:00 p.m., no closing had been scheduled nor had taken place on the sale of the Downey marital home to the Cummins.
*182 The Cummins had not conveyed their property to the Siroises as of August 30, 1979. The Cummins-Sirois purchase and sale agreement, which was to expire on September 30, 1979, was extended to and including the date of actual sale. The property was actually conveyed on October 29, 1979. The' plaintiff real estate agent produced a buyer ready, willing and able to purchase that property on October 31, 1979, and November 2, 1979, and attempted to schedule closings for those days. Closings were scheduled for each of those days at which time there were present Robert A. Downey; Attorney James Goldberg, a representative of the plaintiff; Ronald W. Cummins and Jeannette L. Cummins. Marion B. Downey did not attend.
The plaintiff has stipulated that there is no genuine issue of material fact raised in the case but claims to be aggrieved by the court’s ruling that the defendants are entitled to judgment as a matter of law upon the facts contained in the report. Notwithstanding this stipulation, the plaintiff, in its brief, argues that the purchase and sale agreement was orally extended to October 31, 1979, and that it is, therefore, entitled to receive the broker’s commission. The court found that the undated extension agreement was circulated among the parties purporting to extend the agreement, but that it had not been signed by one of the sellers, namely Marion B. Downey. Implicitly, then, the court found that the agreement had not been extended beyond August 30, 1979. Having stipulated that there.is no genuine issue of material fact, the plaintiff may not have an appeal upon the argument that the facts are not as stipulated (see Bay State Drywall, Inc. v. Chicopee Savings Bank, 1980 Mass. App. Div. 196). The decision of the Appellate Division in Bay State Drywall, Inc. was affirmed on other grounds by the Supreme Judicial Court (385 Mass. 17 LI982]). The agreed statement of facts in that case stated that the security agreement in question gave the defendant bank a security interest in an automobile. The Appellate Division based its decision on this statement, but the Supreme Judicial Court said that this ground was “inappropriate” since there was a reference to an “alleged lien” in another part of the agreed statement and, on the Appellate Division’s interpretation, the balance of the agreed statement and the suit itself would be supererogatory (385 Mass, at 18, n. 1). In the case at bar, however, the report specifically states: “The Plaintiff stipulates that the first ruling of the Court, that is, that there was no genuine issue of material fact raised in this case, is correct.” We did not, therefore, regard the Supreme Judicial Court’s decision in Bay State Drywall, Inc. as controlling in this case.
We note, nonetheless, that the purchase and sale agreement which is the subject of this action is conditional inter alia upon the buyer obtaining bank financing on the property located at 158 North Avenue, Attleboro, Massachusetts, in the amount of $31,200.00 for a term of thirty-five (35) years on or before July 30, 1979. The letter dated April 27, 1979, attached to the report, presumably offered by the plaintiff to evince satisfaction of the bank financing condition, not only predates the purchase and sale agreement, but also relates to property located at 6 Alcott Street, Attleboro, Massachusetts, and is in the amount of $30,700.00 for a term of thirty (30) years. Consequently, the defendants’ affirmative defense that the said condition had not been complied with seems valid.
In any event, the conditions under which a real estate broker is entitled to a commission are clearly enunciated in Tristram’s Landing, Inc. v. Wait, 367 Mass. 622, 629-630 (1975), wherein the court stated:
Thus we adopt the following rules: ‘When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner; (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by. closing the title in accordance with the provisions of the contract. If the contract is not consum *183 mated because of lack of financial ability of the buyer to perform or because of any other default of his.. .there is no right to commission against the seller. On the other hand, if the failure of completion of the contract results from the wrongful act or interference of the seller, the broker’s claim is valid and must be paid.’ [Citation omitted.]
Accordingly, we hold that a real estate broker, under a brokerage agreement hereafter made, is entitled to a commission from the seller only if the requirements stated above are met.
Since the purchase and sale agreement expired August 30, 1979 without the conditions of the agreement having been satisfied by the buyers, and with no closing having taken place, the plaintiff is not entitled to the commission as claimed.
The report is, therefore dismissed.